UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RAUL CHAVEZ, et al.,<br>      *Defendants*. | No. 3:14-cr-185 (JAM) |

**ORDER DENYING MOTIONS TO DISMISS THE INDICTMENT
AND FOR A BILL OF PARTICULARS**

Defendants Arturo Hernandez and Tyshawn Welborn have moved to dismiss the indictment's charge of conspiracy against them, and in the alternative, for a bill of particulars. Count One of the Second Superseding Indictment charges both defendants and others with conspiring to distribute and to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, during the time period from 2000 through August 2015.

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment is sufficient if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

The Second Circuit has made clear that to satisfy the pleading requirements of Rule 7(c)(1), an indictment need "do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Pirro*, 212 F.3d 86, 91 (2d Cir. 2000). "When the charges in an indictment have stated the elements of the offense and provided even minimal protection against double jeopardy, this court has repeatedly

refused, in the absence of any showing of prejudice, to dismiss . . . charges for lack of specificity." *Stringer*, 730 F.3d at 124. There is no "broad requirement" that is "applicable to all criminal charges that the indictment specify how each essential element is met." *Id.* at 125-16.

Even if an indictment complies with the requirements of Fed. R. Crim. P. 7(c)(1), a court has discretion to require the Government to file a bill of particulars if the allegations of the indictment may be insufficient to permit the preparation of an adequate defense. *See, e.g.*, *United States v. Rigas*, 490 F.3d 208, 237 (2d Cir. 2007). Thus, a bill of particulars may enable a defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense. *Ibid.*

Here, the indictment properly tracks each of the elements for the conspiracy charge. Although the conspiracy charge involves an unusually long 15-year time period, and the indictment does not contain detailed allegations about events that occurred throughout that time period, defendants have not shown prejudice in light of the extensive discovery that they have received and as discussed in the Government's memorandum and at oral argument. *See Stringer*, 730 F.3d at 124 (otherwise proper indictment not subject to dismissal where "government had provided [defendant] with the criminal complaint, which outlined his crimes in detail, as well as disclosures that included the victims' names, well in advance of trial," and further noting that "taking these disclosures into account, it is beyond question that [defendant] was sufficiently informed to defend against the charges and to be protected against the risk of double jeopardy (for which the trial record provides further protection)").[1]

---

[1] I conclude that the Ninth Circuit's decision in *United States v. Cecil*, 608 F.2d 1294, 1297 (9th Cir. 1979), is distinguishable, because there the indictment failed to identify any beginning and ending dates for the charged conspiracy. Nor do I think that the Ninth Circuit's dictum in *Cecil* is compatible with the modern law of the Second Circuit.

Nor will I require the Government to file a bill of particulars. I am convinced on the basis of my review of the Government's discovery materials that defendants have adequate basis to defend against the conspiracy charge. This ruling is without prejudice to defendants' right to seek relief in the event that the Government should introduce evidence in its case-in-chief at trial of which defendants have not been adequately apprised in the discovery materials.

It is so ordered.

Dated at New Haven this 8th day of August 2016.

                                        /s/ *Jeffrey Alker Meyer*
                                        Jeffrey Alker Meyer
                                        United States District Judge